UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR WAYNE COOPER, | No. C-02-3712 JSW (JCS) |
| Plaintiff(s), | Related Case No. C-04-4061 JSW (JCS) |
| v. | **ORDER DENYING MOTION FOR INJUNCTIVE RELIEF BY STANLEY RIDDLE [Docket No. 85]** |
| THE STATE OF CALIFORNIA, ET AL., | |
| Defendant(s). | |

## I.    INTRODUCTION

Stanley Riddle, an inmate at California State Prison - Solano ("Solano") who is a participant in the Kosher Diet Plan established under the Settlement Agreement in this action, filed this motion seeking enforcement of the Settlement Agreement. Riddle consented to the jurisdiction of the undersigned magistrate judge and the motion was reassigned to Magistrate Judge Spero for disposition.[1] Riddle alleges that "Defendants have failed to provide wholesome kosher meals on a regular basis," including serving non-kosher items, even after Defendants promised to remedy problems in the program in response to Riddle's grievance. For the reasons stated below, the motion is DENIED.

## II.   BACKGROUND

The underlying action was initiated by Plaintiff Victor Wayne Cooper, a kosher observant Jewish inmate, on August 16, 2002. Cooper alleged that the State of California and the Department of Corrections had violated his rights under the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 1985, and

---

[1] Under the Settlement Agreement, the original parties to the action consented to the jurisdiction of Magistrate Judge Spero over all motions to enforce the Settlement Agreement. As a new party, Riddle has expressly consented to magistrate jurisdiction.

the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000, by failing to provide him with kosher meals while incarcerated. The parties entered into a Settlement Agreement in November 2003.

Under the Settlement Agreement, a kosher diet program was established at California State Prison - Solano ("Solano"), where Cooper was incarcerated at the time of the settlement, for "all kosher-observant inmates" holding a "Special Religious Diet Card issued by the Department of Corrections." Settlement Agreement at 4, Section II (2)(c). The Settlement Agreement calls for the program to be "overseen by a Jewish chaplain under the supervision of an orthodox or conservative rabbi." Settlement Agreement at 4, Section II (2)(b). In particular, Section II(2)(b), entitled "Oversight," provides:

> The Kosher Diet Program will be overseen by a Jewish chaplain under the supervision of an orthodox or conservative rabbi. The rabbi shall be given access to inspect the Kosher Diet Program (including all of its facilities) upon request. The rabbi shall make the ultimate determination on violations of the Kosher Diet Program. An inmate against whom a violation of the Kosher Diet Program is pending shall be entitled to consult with the rabbi before a final determination regarding the alleged violation.

*Id.* at 4. The Settlement Agreement purports to create broad enforcement rights, allowing any Solano inmate who is a participant in the Kosher Diet Program to bring a motion to enforce in this Court. Settlement Agreement at 5, Section II (2)(e).

### III. ANALYSIS

For the purposes of construction and enforcement, settlement agreements are "governed by principles of local law which apply to interpretation of contracts generally." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (quotations omitted). Under California law – the applicable local law here – courts seek to establish the parties' intent from the contract's language: "[t]he paramount rule governing the interpretation of contracts is to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as it is ascertainable and lawful. The intention of the parties must, in the first instance, be derived from the language of the entire contract." *Royal Thrift and Loan Co. v. County Escrow, Inc.*, 123 Cal. App. 4th 24, 45 (2004) (quotations omitted).

As a participant in the Kosher Diet Program, Riddle is entitled to bring a motion to enforce the Settlement Agreement under Section II(2)(e). However, reading the language of the Settlement

Agreement as a whole, the Court concludes Riddle fails to show a violation of the Settlement Agreement because he has not alleged or presented evidence that the rabbi overseeing the Kosher Diet Program has found the food provided to be inadequate. Under the Settlement Agreement, the rabbi makes "the ultimate determination on violations of the Kosher Diet Program." *Id*. In light of this provision the Court concludes that it was not the intention of the parties that the Court would become directly involved in regulating the content of the Kosher Food Program. Rather, it is clear that this authority was delegated to the rabbi. Accordingly, the Court concludes that Riddle is not entitled to injunctive relief under the Settlement Agreement.

## IV. CONCLUSION

The Motion is DENIED.

Dated: December 15, 2005

_____
JOSEPH C. SPERO
United States Magistrate Judge

3