United States District Court
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7

8    VICTOR WAYNE COOPER,                    No. C-02-3712 JSW (JCS)

9            Plaintiff(s),                   **REPORT AND RECOMMENDATION
                                             RE MOTIONS OF INMATES MICHAEL
10        v.                                 CAMOU, MICHAEL VAUGHN, AND
                                             FLOYD HENLEY [Docket Nos. 137, 138,
11   THE STATE OF CALIFORNIA, ET AL.,        151]**

12           Defendant(s).
     _____/

13

14   **I.      INTRODUCTION**

15          The Court is in receipt of letters from three inmates at California State Prison - Solano

16   ("Solano") raising concerns about the kosher diet program at Solano.  All three letters were

17   construed as motions to enforce the Settlement Agreement in this action and referred to the

18   undersigned magistrate judge.  Although the three inmates  – Michael Camou, Michael Vaughn, and

19   Floyd Henry – consented to the jurisdiction of a magistrate judge, the Court has determined that a

20   Report and Recommendation to the district court judge is appropriate.  The findings and conclusions

21   of this Report have implications for all Solano inmates who are receiving, or seek to receive, kosher

22   meals at Solano and have standing to enforce the Settlement Agreement in question – most of whom

23   have not even appeared before this Court, let alone consented to magistrate judge jurisdiction.

24          For the reasons stated below, it is recommended that the Motions be DENIED.  The issues

25   raised do not fall within the scope of the continuing jurisdiction stipulated to by the parties in the

26   Settlement Agreement and agreed to by this Court.  It is further recommended that, to the extent that

27   all three inmates have claimed that the kosher meal program at Solano violates not only the terms of

28   the Settlement Agreement but also their statutory and constitutional rights, the latter claims should

1  be dismissed without prejudice to their being asserted in the form of complaints filed in the

2  appropriate jurisdiction.

3  **II.     BACKGROUND**

4        The original parties to this lawsuit entered into a settlement agreement (the "Settlement

5  Agreement") in November 2003.  Under the Settlement Agreement, Defendants agreed to provide

6  Plaintiff Victor Wayne Cooper with kosher meals at any California Department of Corrections

7  ("CDC") facility at which he was housed.  Settlement Agreement at 3, Section II(1).  In addition,

8  Defendants agreed to establish a kosher diet program at California State Prison - Solano ("Solano"),

9  where Cooper was housed at the time of the settlement, for "all kosher-observant inmates" who

10 complied with certain procedural requirements.  *Id*. at 4, Section II(2).  The kosher meals were to

11 "comply with the guidelines established under 'CDC Kosher Meal Provision Plan,'" which were

12 attached to the Settlement Agreement and incorporated by reference therein.  *Id*. at 4, Section II

13 (2)(d).  Broad standing was conferred on Solano inmates who were participants in the program to

14 enforce the terms of the Settlement Agreement and the usual exhaustion requirements were reduced

15 for those inmates.  *Id*. at 5, Section II (2)(e).  However, it was the rabbi who was to make "the

16 ultimate determinations on violations of the Kosher Diet Program."  *Id*. at 4, Section II(2)(b).

17       At the time the Settlement Agreement was entered, it was envisioned that the kosher diet

18 program established at Solano under the Settlement Agreement would soon be replaced by a new,

19 state-wide kosher diet program (the "State-Wide Kosher Diet Program") that was still being

20 developed.  *See id.* at 6, Section II(6) ("[w]ithin two years from signing of this Settlement

21 Agreement, Defendants shall make good faith efforts to comply on a California State-wide basis

22 with applicable law governing provision of kosher meals . . .").  The parties agreed that this Court

23 would exercise continuing jurisdiction over enforcement of the Settlement Agreement for "three

24 years after the implementation of the State-wide Kosher Diet Program."  *Id*. at 7, Section II(8).

25       There is now evidence before the Court that the State-Wide Kosher Diet Program was

26 enacted on April 24, 2006, when the California Department of Corrections amended the California

27 Code of Regulations, Title 15, sections 3050-3056, to establish such a program.  *See* Opposition to

28 Motions by Inmates Camou and Vaughn to Enforce Settlement Agreement ("Opposition") at 2 &

**United States District Court**
For the Northern District of California

2

United States District Court
For the Northern District of California

1    Ex. A.  On May 15, 2006, that program was put in force at Solano.  *Id.* at 3 & Ex. B.  Subsequently,

2    inmates Camou, Vaughn, and Henley each asserted in their Motions that the kosher diet program at

3    Solano – which is now governed by the rules and regulations established in the State-Wide Kosher

4    Diet Program –  is inadequate and that it violates both the terms of the Settlement Agreement and

5    their statutory and constitutional rights.

6    **III.     ANALYSIS**

7         As a preliminary matter, the Court must address whether the continuing jurisdiction created

8    under the Settlement Agreement and accepted by this Court extends to challenges to the adequacy of

9    the State-Wide Kosher Diet Program, as implemented at Solano.  The Court concludes that it does

10   not.

11        For the purposes of construction and enforcement, settlement agreements are "governed by

12   principles of local law which apply to interpretation of contracts generally."  *United Commercial*

13   *Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (quotations omitted).  Under

14   California law –  the applicable local law here – courts seek to establish the parties' intent from the

15   contract's language: "[t]he paramount rule governing the interpretation of contracts is to give effect

16   to the mutual intention of the parties as it existed at the time of contracting, so far as it is

17   ascertainable and lawful.  The intention of the parties must, in the first instance, be derived from the

18   language of the entire contract."  *Royal Thrift and Loan Co. v. County Escrow, Inc.*, 123 Cal. App.

19   4th 24, 45 (2004) (quotations omitted).

20        Here, the parties agreed in the Settlement Agreement that the Court would exercise

21   continuing jurisdiction over enforcement of the Settlement Agreement for "three years after the

22   implementation of the State-Wide Kosher Diet Program."  *Id*. at 7, Section II(8).  Read in isolation,

23   this provision might be construed as giving rise to continuing jurisdiction over any challenges

24   Solano inmates might seek to assert to the new program.  Reading the Settlement Agreement as a

25   whole, however, the Court concludes that such a construction would be inconsistent with the

26   intentions of the parties.

27        To the extent that the Settlement Agreement required the California Department of

28   Corrections to make good faith efforts to implement a state-wide program, it is clear that Plaintiff

**United States District Court**
For the Northern District of California

1    understood that the standards adopted for the interim program at Solano – governed by the

2    guidelines established under the "CDC Kosher Meal Provision Plan" – would soon be replaced by

3    other standards that were still in the development stage.  Thus, the Settlement Agreement contained

4    no specific standards for the State-Wide Kosher Diet Program, except that it would comply with

5    "applicable law."  The Settlement Agreement did not even require that such a program be

6    implemented – just that Defendants make good faith efforts to do so.

7         In light of the absence of (1) a requirement under the Settlement Agreement that a state-

8    wide program be implemented, and (2) specific standards to govern such a program, the Court finds

9    that the parties did not intend to sweep within the scope of the Court's continuing jurisdiction all

10   future challenges by Solano inmates to the new state-wide program.  Rather, the parties intended that

11   the Court would retain jurisdiction only with respect to motions to enforce the Settlement

12   Agreement *pending* the introduction of the State-Wide Kosher Diet Program at Solano – at least for

13   inmates other than the original named Plaintiff.  Now that that program is in force, the Court

14   concludes that challenges by Solano inmates other than Cooper regarding the current provision of

15   kosher meals at Solano are no longer within the scope of the Court's continuing jurisdiction.[1]

16        Even assuming the parties *did* intend in the Settlement Agreement to establish continuing

17   jurisdiction over all challenges by Solano inmates to the State-Wide Kosher Diet Program, as

18   implemented at Solano, the Court declines to exercise such broad continuing jurisdiction.  *See*

19   *Collins v. Thompson*, 8 F.3d 657 (9th Cir. 1993) ("[a] federal court may refuse to exercise

20   continuing jurisdiction even though the parties have agreed to it").  By permitting any challenges to

21   the new program to be brought as motions to enforce, a broad exception to the usual exhaustion

22   requirements by Solano inmates other than Cooper would be created – a result that would defeats the

23   important policies that underlie the exhaustion requirements.  Therefore, the Court exercises its

24   discretion to decline such continuing jurisdiction.

25

26   _____

27        [1]  Because the named Plaintiff has not appeared in this action in several years and has not filed
     any motion to enforce, the Court does not reach the question of whether its jurisdiction continues with
28   respect to potential future challenges by Cooper.

4

**United States District Court**
For the Northern District of California

1    **IV.    CONCLUSION**

2        It is recommended that the Motions be DENIED on the basis that challenges by Solano

3    inmates other than Cooper to the adequacy of the State-Wide Kosher Diet Program at Solano,

4    implemented May 15, 2006, fall outside of the Court's continuing jurisdiction under the Settlement

5    Agreement.  To the extent inmates Camou, Vaughn, and Henley assert statutory and constitutional

6    challenges to the new program, those claims should be dismissed without prejudice to their asserting

7    them in complaints filed in the appropriate jurisdiction.  Similarly, in the future, any Solano inmates

8    seeking to challenge the kosher diet program at Solano will be required to file their claims in the

9    appropriate jurisdiction and meet any exhaustion requirements that may apply to those claims.  It is

10   further recommended that Defendants be required to post at Solano on bulletin boards in each

11   facility chapel a notice stating as follows:

12   **NOTICE TO KOSHER-OBSERVANT INMATES: All kosher-observant inmates are notified**

13   **that as of May 15, 2006, a new state-wide Kosher diet program has been put into effect at**

14   **Solano.  The Federal District Court for the Northern District of California has held that legal**

15   **challenges to the new kosher diet program at Solano are not within the scope of the continuing**

16   **jurisdiction created in the settlement agreement in *Cooper v. State of California*, C-02-3712**

17   **JSW.  Therefore, the Court will no longer be accepting motions to enforce the *Cooper***

18   **settlement agreement asserting legal challenges to the new kosher diet program.  Rather, any**

19   **such challenges must be filed, in the form of a legal complaint, in the appropriate jurisdiction**

20   **and in compliance with applicable law.**

21

22   Dated: December 18, 2006

23   _____
     JOSEPH C. SPERO

24   United States Magistrate Judge

25

26

27

28

5